# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>CHELSEA KIRSTEN HAYES,<br><br>         Petitioner. | No. 55510-7-II<br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Chelsea Hayes seeks relief from personal restraint imposed following her 2018 convictions for unlawful possession of a controlled substance, conspiracy to deliver a controlled substance, and unlawful possession of a controlled substance with intent to deliver. While Hayes' petition was pending, the Washington Supreme Court issued its decision in *State v. Blake*, 197 Wn.2d 170, 173, 481 P.3d 521 (2021), which declared unconstitutional the statute that criminalized simple possession of controlled substances. The State concedes that under *Blake*, Hayes is entitled to have her conviction for unlawful possession of a controlled substance vacated, and we agree.

Hayes also argues that her convictions for conspiracy and possession with intent to deliver should be vacated, because law enforcement relied on a search warrant that did not give them authority of law to search her home because it recited the wrong address, and she received ineffective assistance of counsel when her attorney did not move to suppress the evidence seized from her home. We hold that law enforcement had authority to perform the search under the warrant, despite the scrivener's error, and that counsel did not perform deficiently.

Accordingly, we grant the petition in part and remand for the trial court to vacate Hayes'
conviction for unlawful possession of a controlled substance pursuant to *Blake* and to correct
Hayes' judgment and sentence.[1]  We otherwise deny the petition.

FACTS

In 2016, the Thurston County Narcotics Task Force suspected Hayes of being involved in
selling narcotics and arranged for a confidential informant to purchase narcotics from her. The task
force and the confidential informant coordinated to have the informant perform a controlled
purchase of methamphetamine from Hayes at her home at 7250 14th Avenue Southeast in Lacey,
Washington. After the controlled buy was unsuccessful, law enforcement applied for a search
warrant for the home. Suppl. Br. of Pet'r, App. 1.

The warrant authorized a search of "7205 14th Ave. SE. Lacey, WA. A light colored, single
family residence with green trim and an attached garage." *Id.* The same task force that had
conducted the investigation and surveilled Hayes' home during the attempted controlled buy,
executed the search warrant on Hayes' home at 7250 14th Avenue Southeast, not 7205 14th
Avenue Southeast, the actual address provided on the search warrant. The task force found
methamphetamine and one oxycodone pill in a bedroom along with mail addressed to Hayes. They
also found "pay/ owe sheets," a digital scale, and a mirror that could be used to package and sell
controlled substances. 1 Verbatim Rep. of Proc. at 184-85.

The State charged Hayes with unlawful possession of a controlled substance, conspiracy
to deliver a controlled substance, and unlawful possession of a controlled substance with intent to

---

[1] After her direct appeal, Hayes' sentence was reduced such that she has now served her entire
sentence. Therefore, resentencing is not necessary.

deliver. The State also alleged that the acts leading to the conspiracy to deliver and unlawful possession with intent to deliver charges occurred within 1,000 feet of a school bus route stop. A jury found Hayes guilty as charged. On direct appeal, we affirmed Hayes' convictions but reversed the school bus route stop sentence enhancement on the conspiracy to deliver a controlled substance conviction and the imposition of the challenged legal financial obligations. *State v. Hayes*, No. 51540-7-II (Wash. Ct. App. Sept. 17, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2051540-7-II%20Unpublished%20Opinion.pdf.

We issued the mandate in Hayes' direct appeal on November 8, 2019. Hayes timely filed this petition on November 6, 2020. In a three-judge panel unpublished opinion, we accepted the State's concession that under *Blake*, Hayes is entitled to have her conviction for unlawful possession vacated. We otherwise rejected the challenges to her remaining convictions and denied her request for appointed counsel. Ord. Granting Mot. for Recons., Ord. Withdrawing Op., Ord. Appointing Counsel & Ord. Setting Briefing Schedule, *In re Pers. Restraint of Hayes*, No. 55510-7-II (Wash. Ct. App. Oct. 25, 2022), https://www.courts.wa.gov/opinions/pdf/D2%2055510-7-II%20Unpublished%20Opinion.pdf. Amicus curiae filed a motion for reconsideration, which Hayes endorsed, arguing that Hayes was entitled to appointed counsel under RCW 10.93.150. We granted the motion for reconsideration, withdrew our unpublished opinion, appointed counsel, and ordered supplemental briefing from both parties.

ANALYSIS

As an initial matter, while Hayes' petition was pending, the Washington Supreme Court issued its decision in *State v. Blake*, which declared unconstitutional the statute making simple possession of controlled substances illegal. 197 Wn.2d at 173. The State concedes that under

*Blake*, Hayes is entitled to have her conviction for unlawful possession vacated. We agree and accept the State's concession.

As to her convictions for conspiracy and possession with intent to deliver, Hayes argues that the search of her home violated article I, section 7 of the Washington State Constitution. Specifically, Hayes contends that the search warrant did not provide authority of law for the search due to the scrivener's error in the search warrant, reversing numbers and resulting in the incorrect house number. We disagree.

Article I, section 7 provides greater protection to individual privacy rights than the Fourth Amendment to the United States Constitution. *State v. Phillip*, 9 Wn. App. 2d 464, 474, 452 P.3d 553 (2019). "Whereas the Fourth Amendment prohibits 'unreasonable searches and seizures,' article 1, section 7 of our state constitution prohibits any invasion of an individual's right to privacy without 'authority of law.'" *State v. Betancourth*, 190 Wn.2d 357, 366, 413 P.3d 566 (2018). It is well established that "[u]nder article I, section 7, the requisite 'authority of law' is generally a valid search warrant." *Id*. at 367 (internal quotation marks omitted) (quoting *State v. Morse*, 156 Wn.2d 1, 7, 123 P.3d 832 (2005)).

Division One has addressed the issue of an incorrect address on a search warrant. *State v. Bohan*, 72 Wn. App. 335, 338, 864 P.2d 26 (1993). Hayes argues that we should disregard *Bohan* because she contends it did not account for the heightened protection of privacy afforded by article I, section 7 of the Washington Constitution. But Hayes does not identify any authority to suggest that article I, section 7 demands heightened standards of particularity within search warrants.

Indeed, the requirements for a valid search warrant under the Fourth Amendment and Washington law are nearly identical. The Fourth Amendment includes a warrant clause which

4

provides, in pertinent part, "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. In Washington, the particular requirements for issuance of a warrant are embedded in statutes and court rules governing searches and seizures. *State v. Chenoweth*, 160 Wn.2d, 454, 464, 158 P.3d 595 (2007). CrR 2.3(c) provides that a search warrant may only be issued if the court determines there is probable cause. The rule also requires that the warrant identify the person, place, or thing to be searched. CrR 2.3(c). Accordingly, we find no reason to disregard the reasoning in *Bohan*.

The *Bohan* court explained that the test for the sufficiency of a search warrant's description is whether the site is described with sufficient particularity that the executing officer can find and identify the location with a reasonable effort. 72 Wn. App. at 338. A warrant containing an incorrect address must be evaluated under the actual facts of the case. *Id*. We ask whether, given the actual facts of a particular case, the officer can find the correct premises to be searched without having to resort to guesswork. *Id*. at 339. The emphasis is not on the technical accuracy of the address but on whether there are assurances that a mistaken search would not be likely to occur. *Id*. If the executing officers already know where the defendant lives, an error in the address on the warrant is immaterial. *Id*. at 340.

In *Bohan*, a police officer applied for, and the magistrate issued, a warrant to search Fireside Apartments Unit D–8, based upon the officer's observation of an informant's controlled buy at a particular unit. *Id.* at 337. Later that day, when approaching the same unit to execute the warrant, the officer realized that it was marked A–8 rather than D–8. Nevertheless, the officer proceeded to search the suspect's, Bohan's, apartment. *Id*. at 337-38. On appeal, the court held

that, under the facts of the case, the officer's knowledge was sufficient to cure the defect in the warrant's description of the premises to be searched. *Id*. at 340. The court also held that the warrant in that case was valid because "evidence giving rise to probable cause to search Bohan's apartment was submitted for independent evaluation by a magistrate and . . . probable cause to issue the warrant has not been challenged." *Id.* at 341-42.

Here, Hayes' house, the premises searched, was at 7250 14th Avenue SE in Lacey. The search warrant erroneously listed the address as 7205 14th Avenue SE in Lacey. Hayes argues that the warrant did not provide adequate "authority of law" to search 7250 14th Avenue SE in Lacey, Hayes' home. But Hayes does not dispute that evidence giving rise to probable cause to search Hayes' home was submitted for independent evaluation by a magistrate and that there was probable cause to issue a warrant to search her home. *Id.* Thus, despite the scrivener's error reversing numbers in Hayes' address, the warrant provided authority of law to search Hayes' home.

In addition, the searching officers did not have to resort to guesswork to find the correct home given their recent experience with the attempted controlled buy between the informant and Hayes at that home, satisfying the particularity requirement under the Fourth Amendment. Under these facts, the warrant was not defective for lack of particularity under the Fourth Amendment, nor did the warrant provide inadequate authority to search Hayes' home under article I, section 7. Consequently, the warrant was not constitutionally defective.

Hayes also argues that she received ineffective assistance of counsel based on her trial counsel's failure to move to suppress the evidence collected during the search of her home. To establish deficient performance from the failure to file a motion to suppress, the petitioner must

show that the trial court likely would have granted the motion had it been made. *State v. McFarland*, 127 Wn.2d 322, 337 n.4, 899 P.2d 1251 (1995). As established above, the search warrant was not constitutionally defective and therefore Hayes cannot show that a motion to suppress likely would have been granted.

## CONCLUSION

Accordingly, Hayes' petition is granted in part and denied in part. We remand to the trial court to vacate Hayes' conviction for unlawful possession of a controlled substance pursuant to *Blake* and for correction of Hayes' judgment and sentence. We otherwise deny Hayes' petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

LEE, J.

VELJACIC, A.C.J.